IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Lauren Vaughn, ) | C.A. No. 7:25-cv-12623-DCC |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANTS' ANSWER AND** |
| vs. ) | **AFFIRMATIVE DEFENSES** |
| ) | |
| Spartanburg County School District Five, ) | |
| the Board of Trustees of Spartanburg ) | |
| County School District Five, and ) | |
| Superintendent Randall R. Gary, in his ) | |
| individual and official capacities, ) | |
| ) | |
| Defendants. ) | |

Defendants, Spartanburg County School District Five ("District"), the Board of Trustees of Spartanburg County School District Five, and Superintendent Randall Gary, in his individual and official capacities, by and through their undersigned counsel, hereby respond to the allegations of Plaintiff's complaint as follows:

1. Defendants deny each and every allegation of the Plaintiff's complaint, except those allegations expressly admitted herein.

2. Defendants deny as stated the allegations of paragraph 1. Defendants admit only that Plaintiff Lauren Vaughn is a former Teacher Assistant of the District assigned to work at River Ridge Elementary School. As a further response to this allegation regarding Ms. Vaughn's employment termination, the Defendants also admit that, on the afternoon of September 10, 2025, an individual shot and killed Charlie Kirk at a public event. The murder received significant media attention. Very shortly after the murder of Mr. Kirk, the Plaintiff, Lauren Vaughn, posted a comment on Facebook which appeared to endorse Mr. Kirk's murder or indicate that it was "worth" him losing his life to protect Americans' constitutional rights. Reactions to the post were negative and divisive. That same evening, Ms. Vaughn deleted the post and deactivated her

Facebook account. Unfortunately, by then the damage was done. Individuals were concerned about the nature and especially the timing of this post by an educator who works with young children. Some people took screenshots of Ms. Vaughn's posts before they were deleted and later provided them to District administrators. As a result of Ms. Vaughn's Facebook post, significant disruptions occurred at the school where she worked. District administrators had to intervene to address the matter. The District placed Ms. Vaughn on administrative leave with pay while investigating the matter and subsequently terminated her employment because of her inappropriate post and its impact on the school where she worked.

3. Defendants deny the allegations of paragraph 2.

4. Defendants neither admit nor deny the allegations of paragraphs 3 as they are statements that do not require a response. To the extent that a response is required, the Defendants deny the Plaintiff's allegations, deny any actionable conduct, and deny that she is entitled to any relief.

5. Defendants admit the allegations of paragraphs 4, 5, and 6 regarding jurisdiction and venue.

6. Defendants admit to the allegations of paragraph 7.

7. As to the allegations in paragraph 8, Defendants admit only that the District is a political subdivision of the State of South Carolina located in Spartanburg County, South Carolina.

8. Defendants admit to the allegations of paragraph 9.

9. Defendants deny as stated the allegations of paragraph 10. Defendants admit only that Dr. Randall Gary is the Superintendent of the District, that he is a citizen and resident of Spartanburg County, South Carolina, and that he decided to terminate Ms. Vaughn's employment.

10. Defendants admit to the allegations of paragraph 11.

11. Defendants deny the allegations of paragraph 12.

12. Defendants admit the allegations of paragraph 13.

13. Defendants deny the allegations of paragraph 14.

14. As to the allegations of paragraphs 15, 16, 17, and 18, Defendants admit only that the Plaintiff made certain posts on social media during a time of unrest in South Carolina and the United States that caused disruptions in the District.

15. Defendants can neither admit nor deny the allegations in paragraphs 19 and 20 based on a lack of knowledge.

16. Defendants deny as stated the allegations in paragraph 21. Defendants admit only that the Plaintiff told District employees that she deleted the post and deactivated her Facebook account on the evening of September 10, 2025, after seeing the negativity and division that it created.

17. Defendants deny as stated the allegations of paragraph 22. Defendants admit only it placed the Plaintiff on administrative leave with pay while it investigated the disruptions caused by her Facebook post.

18. Defendants deny the allegations of paragraphs 23 and 24. Defendants admit only that the District experienced disruptions because of Ms. Vaughn's social media post. Importantly, contrary to her allegations now, Ms. Vaughn admitted verbally and in writing on September 12, 2025, that her posts had indeed caused disruptions at the school. As one example, in a statement attempting to explain or clarify her intent behind her post, Ms. Vaughn admitted that her post "caused division and tension" and "caused so much uproar."

19. Defendants admit the allegations in paragraph 25.

20. As to the allegations in paragraphs 26 and 27, Defendants refer to the documents as the best source of the statements made therein and neither admit nor deny the allegations as stated.

21. Defendants deny the allegations of paragraph 28.

22. Defendants deny the allegations of paragraph 29. Plaintiff told District staff that she regretted that her post caused division and tension, stated that she should not have made the post, and acknowledged that what she did was wrong.

23. Defendants deny the allegations of paragraph 30 as stated. Plaintiff was provided and took advantage of due process rights as established by Board Policy.

24. Defendants deny the allegations of paragraph 31 as stated. The Board of Trustees is empowered to make policy on behalf of the District.

25. Defendants deny the allegations in paragraph 32.

26. Responding to paragraph 33, Defendants incorporate their responses above as if repeated herein verbatim.

27. The allegations of paragraph 34 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny these allegations.

28. Defendants deny the allegations of paragraphs 35, 36, and 37. Moreover, Plaintiff Lauren Vaughn admitted in September 2025 that her posts had in fact created disruptions at the school; to allege otherwise now is false.

29. The allegations of paragraphs 38, 39, 40, and 41 call for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny these allegations.

30. Defendants deny the allegations of paragraph 42, 43, 44, 45, and 46.

31. The allegations of paragraph 47 recite federal law and as such require no response. To the extent that a response is required, Defendants deny violating the cited laws.

32. Defendants deny the allegations of paragraphs 48 and 49.

33. Responding to paragraph 50, Defendants incorporate their responses above as if repeated herein verbatim.

34. The allegations of paragraph 51 call for a legal conclusion to which no response is

required. To the extent that a response is required, Defendants deny these allegations.

35. Defendants deny the allegations of paragraphs 52, 53, 54, and 55. Moreover, Plaintiff Lauren Vaughn admitted in September 2025 that her posts had in fact created disruptions at the school; to allege otherwise now is incorrect.

36. The allegations of paragraphs 56, 57, 58, and 59 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny violating the cited laws.

37. Defendants deny as stated the allegations of paragraph 60 and refer to the laws of South Carolina as the best source of information regarding the legal authority and obligations of the Board of Trustees and the District.

38. Defendants deny as stated the allegations of paragraph 61; Defendants admit only that the District and the Board have adopted policies governing the operation of the District and also have developed guidelines related to the District's operations and its personnel. The Defendants deny the remainder of this paragraph.

39. Defendants deny the allegations of paragraphs 62, 63, 64, 65, and 66.

40. Defendants deny as stated the allegations of paragraph 67. Defendants admit only that the District lawfully terminated Ms. Vaughn's employment for the reasons explained to her at the time of her dismissal and for the reasons stated herein.

41. Defendants deny the allegations of paragraph 68.

42. Defendants deny that the Plaintiff is entitled to any of the relief requested in paragraph 69 or any other recovery from the Defendants.

43. Responding to paragraph 70, Defendants incorporate their responses above as if repeated herein verbatim.

44. The allegations of paragraph 71 call for a legal conclusion to which no response is required.

5

45. Defendants deny the allegations of paragraphs 72 and 73. Defendants deny that the Plaintiff is entitled to any of the relief requested in her complaint or any other recovery from the Defendants.

46. Responding to paragraph 74, Defendants incorporate their responses above as if repeated herein verbatim.

47. The allegations of paragraphs 75, 76, 77, 78, and 79 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny violating the cited laws.

48. Defendants deny the allegations of paragraph 80, 81, 82, 83, 84, 85, 86, and 87.

49. Defendants deny that the Plaintiff is entitled to the relief requested in the complaint's Prayer for Relief or any other recovery or relief from these Defendants.

### FIRST AFFIRMATIVE DEFENSE

One or more of Plaintiff's causes of actions fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to mitigate her damages, she is precluded from recovery.

### THIRD AFFIRMATIVE DEFENSE

Defendants cannot be held liable because any and all treatment accorded to the Plaintiff with respect to her employment was based on legitimate, non-discriminatory, and non-retaliatory factors.

### FOURTH AFFIRMATIVE DEFENSE

One or more of Plaintiff's causes of action are precluded by the doctrine of sovereign immunity and, in addition, the Eleventh Amendment to the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

Defendant Board of Trustees of Spartanburg County School District Five is not a "person" as said word is defined for the purposes of 42 U.S.C. § 1983 and, accordingly, any cause of action founded upon 42 U.S.C.§ 1983 against it must be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Dr. Randall Gary is immune from suit under Section 15-78-70(a) of the South Carolina Tort Claims Act.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability under the South Carolina Tort Claims Act because Plaintiff's alleged loss, if any, which is expressly denied, resulted from the exercise of discretion or judgment by a governmental entity or employee and involved the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, by her own misconduct and failure to meet established employer work and behavioral standards.

## NINTH AFFIRMATIVE DEFENSE

Defendants plead as a further bar to Plaintiff's action each and every provision of the South Carolina Tort Claims Act as if repeated herein verbatim, including but not limited to all immunities, limitations, and defenses granted or preserved in the Act.

## TENTH AFFIRMATIVE DEFENSE

To the extent that the Defendants discover evidence of Plaintiff's misconduct and poor performance, her claims should be precluded, in whole or in part, based on the after-acquired evidence doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not engage in any protected activity which might support a retaliation claim.

## TWELFTH AFFIRMATIVE DEFENSE

At all times, the Defendants acted towards Plaintiff in good faith, on reasonable grounds, and without malice.

## THIRTEENTH AFFIRMATIVE DEFENSE

The District cannot be held liable for alleged violations under 42 U.S.C. § 1983 under theories of Respondeat Superior or vicarious liability. The District is not liable to the extent that no official policy or custom of the District played any part in any alleged constitutional violations, which are expressly denied.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's prayer for an award of attorney's fees must fail because there is no basis for such an award.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any wages, income, or benefits Plaintiff has earned or received by way of employment or otherwise must be offset from her alleged lost earnings or lost earning capacity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages must be denied because an award of punitive damages would violate the South Carolina Constitution and the United States Constitution, including the equal protection and due process clauses of the Constitutions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants engaged in good faith efforts to comply with civil rights laws. Moreover, the conduct complained of by the Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of any laws and therefore, any claim by Plaintiff for punitive damages is barred.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant Randall Gary is entitled to have this action dismissed on the grounds of qualified immunity; Defendant Randall Gary acted with a reasonable, good faith belief in the lawfulness and constitutionality of his actions, and his alleged wrongful conduct did not violate clearly settled law or established rights. The conduct of Defendant Randall Gary was lawful, justified, and made in good faith.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks recovery from Randall Gary for state tort claims for conduct within the scope of his official duties, he is not a proper defendant and is immune from liability under the South Carolina Tort Claims Act.

WHEREFORE, having fully answered Plaintiff's complaint, and also having set forth their affirmative defenses, the Defendants respectfully pray that this Court dismiss this action in its entirety and award the Defendants their costs, attorneys' fees, and other relief as permitted by law.

Respectfully submitted,

**HALLIGAN MAHONEY WILLIAMS SMITH FAWLEY & REAGLE, PA**

By: s/ Susan M. Fittipaldi
Allen D. Smith, Fed. I.D. No. 5465
asmith@hmwlegal.com

Susan M. Fittipaldi, Fed. I.D. No. 7087
sfittipaldi@hmwlegal.com

P.O. Box 11367
Columbia, SC 29211
(803) 254-4035

**Attorneys for Defendants**

October 13, 2025
Columbia, South Carolina