**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| Lauren Vaughn<br><br>      Plaintiff,<br><br>vs.<br><br>Spartanburg County School District Five, the Board of Trustees of Spartanburg County School District Five, and Superintendent Randall R. Gary, in his individual and official capacities,<br><br>      Defendants. | C/A No.: 7:25-cv-12623-DCC<br><br><br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

  Plaintiff Lauren Vaughn, through undersigned counsel, respectfully submits this memorandum of law in reply to Defendants Spartanburg County School District Five ("Defendant District"), the Board of Trustees of Spartanburg County School District Five, and Superintendent Randall Gary's memorandum in opposition to Plaintiff's motion for preliminary injunction. For the reasons set forth below, the Court should grant Plaintiff's motion to return Plaintiff to her position as Teacher Assistant with pay and benefits and enjoin Defendants from enforcing or relying upon the District's Social Media Guidelines pending final judgment.

## ARGUMENT

### I. Defendants Grossly Mischaracterize Plaintiff's Speech

  As a threshold matter, Defendants' characterization of Plaintiff's speech as "making light of and mocking the death of a public figure in a cruel and hurtful manner" is misleading and inaccurate, as Ms. Vaughn's post included her disagreement with *Kirk*'s cruel statement, expressed a call to action for *less* violence, and lamented the loss of *all*

1

those subjected to gun violence. Dkt. No. 10-3. As she elaborated, "this is in no way meant to be cruel. If anything, it's the opposite. I disagree with him and think today should not have happened. I'm sorry it did. It's awful. I would never, ever, celebrate the loss of a life." Dkt. No. 10-3, p. 3. Rather than conflict with Defendant District's mission to create a "safe, caring, and inclusive learning environment," as alleged by Human Resources Director Robert Jackson, Ms. Vaughn's speech is in *alignment* with that mission, reflecting her concern about the lack of effective policies and unnecessary loss of life. Dkt. No. 11-1, ¶ 17.

Moreover, even *were* Ms. Vaughn's speech cruel and hurtful, it would remain subject to First Amendment protections under the circumstances of this case, as Defendants have failed to establish a material disruption that outweighs Ms. Vaughn's constitutional protections to speak out on matters of public concern.

## II. Defendants' Attempt to Reframe the Policy Basis for Termination is Inconsequential.

Defendants attempt to justify their wrongful termination of Ms. Vaughn by citing to policies GBEB regarding employee conduct and IJNDB regarding the use of the District's own technology as referred to in the Termination Letter provided to Ms. Vaughn. Dkt. No. 10-4. They dismiss their own Social Media Guidelines as simply "suggestions to employees" and "not mandatory," Dkt. No. 11-1, ¶17. However, the Guidelines are replete with mandatory language: "Employees must…" "Employees will…" "Employees shall…" "Employees shall not…" Dkt. No. 10-5. Additionally, the Guidelines by their own terms define "what is acceptable, and unacceptable, when engaging in online activity," a topic covered by Policy IJNDB (Use of Technology Resources) cited in the District's termination letter. As the Social Media Guidelines are the District's articulation of "what is acceptable,

and unacceptable, when engaging in online activity," and must be read in tandem with Policy IJNDB to understand the District's expectations for its employees, it is wholly appropriate for the Court to consider their constitutionality and enjoin the District from enforcing them based upon their vast overbreadth.

Regardless of the exact policy cited, Defendants' termination of Ms. Vaughn is subject to constitutional scrutiny. Whether the Guidelines or other policies were invoked, the result was the same: Plaintiff was terminated for expressing a political opinion in a private forum, off-duty, without reference to her employer.

To that end, Defendants fail to establish any substantial disruption or even reasonable expectation of a disruption. The alleged disruption cited by Defendants is minimal and fails to rise to a level that outweighs Ms. Vaughn's constitutional rights. As the Fourth Circuit has explained, "it is not enough that there is some disruption; the amount of disruption has to outweigh the importance of the speech and its concern to the public." *Durham v. Jones*, 737 F.3d 291, 302 (4th Cir. 2013); *see also Berger v. Battaglia*, 779 F.2d 992 (4th Cir. 1985).

Here, Defendants' purported examples of disruption include, *inter alia*, alleged straining of a relationship with the classroom teacher Ms. Vaughn assisted, unnamed co-workers being "so angry they could not talk to" Ms. Vaughn, employees discussing the impact of the post with Ms. Vaughn's co-workers, and Human Resources conducting an investigation. Dkt. No. 11, p. 7. These examples are akin to the kind of disruption that the Fourth Circuit has found insufficient to overcome a public employee's right to speak on a matter of concern, as in *Liverman*, where the defendant police department experienced some "budding 'divisiveness'" and some officers sought shift transfers to avoid working

with the plaintiff officers. *Liverman v. City of Petersburg*, 844 F.3d 400, 408-09, 410 (4th Cir. 2016). Defendants cite the very generalized discomfort and potential for division that the *Liverman* court found insufficient to overcome the officers' First Amendment protections, and no example cited by Defendants is sufficient here to overcome Ms. Vaughn's interests. *Id.* Additionally, Human Resources Director Robert Jackson concedes in his declaration that "operations continued professionally," belying any claim of substantial disruption. Dkt. No. 11-1, ¶ 13.

Because the injunction Ms. Vaughn seeks will vindicate fundamental constitutional values, promote transparency, and ensure that government employees may speak freely as citizens, the public interest weighs decisively in favor of immediate injunctive relief.

### III.    The Defendants do not present probative and persuasive evidence of substantial disruption.

Jackson's declaration is replete with hearsay and conjecture. He never specifically identifies the alleged complainants, the substance of their supposed statements, or the basis of his knowledge. Much of his affidavit consists of second- and third-hand reports without a single sworn statement from those individuals or any documentary corroboration.

Although the Fourth Circuit recognizes that the strict rules of evidence do not apply to preliminary injunction hearings, hearsay must still be given no more than its appropriate weight. *G.G. ex rel. Grimm v. Gloucester County School Board*, 822 F.3d 709, 725–26 (4th Cir. 2016), vacated on other grounds, 580 U.S. 1163 (2017). Here, nothing in the record establishes the reliability of Jackson's alleged sources, and his statements lack foundation, specificity, or corroboration. No contemporaneous documents, emails, or witness affidavits substantiate that any "complaints" were actually received or that any

classroom or school function was interrupted. Such conjectural hearsay cannot satisfy the Defendants' burden to demonstrate a "real, not merely conjectural" disruption. *United States v. Nat'l Treasury Employees Union*, 513 U.S. 454, 468 (1995). These vague, uncorroborated claims are insufficient to demonstrate any disruption or threat of disruption sufficient to outweigh Ms. Vaughn's free speech rights.

### IV.     Injunctive relief is wholly appropriate in the present case.

The Defendants' reliance on *Greer v. S.C. Wildlife & Marine Res. Dep't* is misplaced. Greer was an age discrimination case in which the court held that injunctive relief in a governmental employee case should only be exercised in extreme cases. 632 F. Supp. 903, 905 (D.S.C. 1986). That case did not address constitutional issues. It is well settled that the loss of First Amendment freedoms, even for minimal periods, constitutes irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Legend Night Club v. Miller*, 637 F.3d 291, 302 (4th Cir. 2011). An eventual monetary judgment is not a sufficient remedy for the ongoing harm Ms. Vaughn continues to endure due to a clear violation of her constitutional rights.

### CONCLUSION

For the reasons stated above and in Plaintiff's opening memorandum, Plaintiff respectfully requests that the Court grant her Motion for Preliminary Injunction and order her immediate reinstatement and suspension of the challenged policy pending final judgment.

Respectfully submitted,

 s/Jack E. Cohoon
Jack E. Cohoon (Fed. ID No.9995)
Lydia Robins Hendrix (Fed. ID No. 14192)
BURNETTE SHUTT & McDANIEL, P.A.
912 Lady Street, Second Floor (29201)
Post Office Box 1929
Columbia, South Carolina 29202
Telephone: (803) 904-7914
Fax: (803) 904-7910
jcohoon@burnetteshutt.law
lhendrix@burnetteshutt.law

**ATTORNEYS FOR THE PLAINTIFF**

Columbia, South Carolina

November 5, 2025