IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| LAUREN VAUGHN, ) | C.A. No. 7:25-cv-12623-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| SPARTANBURG COUNTY SCHOOL ) | |
| DISTRICT FIVE, THE BOARD OF ) | |
| TRUSTEES OF SPARTANBURG ) | |
| COUNTY SCHOOL DISTRICT FIVE, ) | |
| and RANDALL R. GARY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. ECF No. 10. Defendants filed a response in opposition, and Plaintiff filed a reply. ECF Nos. 11, 17. The Court held a hearing on the matter on December 11, 2025. ECF No. 22. The Motion is now ripe for review.

## I. BACKGROUND

This action arises out of the termination of Plaintiff's employment from an elementary school in Spartanburg County School District Five (the "District"). *See* ECF No. 1. On September 10, 2025, following the announcement of Charlie Kirk's assassination, Plaintiff made the following post to her Facebook page:

> "I think it's worth to have a cost of, unfortunately, some gun deaths every single year so that we can have the Second Amendment to protect our other God-given Rights. That is a prudent deal. It is rational." – Charlie Kirk.  Thoughts and prayers.

*Id.* at 3.  In comments, Plaintiff added: "Any time someone is killed [it's] a tragedy . . . But instead of accepting it, why don't we do something about it?"; "I disagree with [Kirk] and think today should not have happened.  I am sorry it did."; and "[N]o satisfaction here. Just heartbreak for anyone and everyone affected by gun violence and a hope that one day, enough will be enough."  ECF No. 10-3 at 3–4.  Plaintiff's Facebook privacy settings limited the post's visibility to her "friends," and the post was made outside of work hours. ECF Nos. 1 at 4; 10 at 3; 11 at 8.  The post was deleted the same evening it was posted. ECF No. 1 at 4.  On September 12, 2025, the District placed Plaintiff on administrative leave.  *Id.*  The District found that Plaintiff's actions violated the District's policy, and on September 15, 2025, Plaintiff was terminated.  ECF Nos. 1 at 4; 10 at 3; 11-1 at 5.

On September 18, 2025, Plaintiff filed the Complaint in this action, asserting four causes of action: (1) First Amendment Retaliation pursuant to 42 U.S.C. §1983 against Dr. Randall R. Gary; (2) Deliberately Indifferent Policies in Violation of the First Amendment pursuant to 42 U.S.C §1983 against the Board of Trustees of Spartanburg County School District Five and the District; (3) Violation of South Carolina Constitution Article I, §2 (Free Speech) against all Defendants; and (4) Wrongful Discharge in Violation of Public Policy against all Defendants.  ECF No. 1 at 5–12.  Defendants filed their Answer and Affirmative Defenses on October 13, 2025.  ECF No. 13.

On October 15, 2025, Plaintiff filed her motion for a preliminary injunction, seeking the following relief: (1) reinstatement to her position with the District, and (2) enjoining the District from enforcing or relying upon the Social Media Guidelines as a basis for discipline or termination during this litigation.  ECF No. 10 at 17.  Defendants filed a response in opposition and Plaintiff filed a reply in support.  ECF Nos. 11, 17.

2

## II. APPLICABLE LAW

Preliminary injunctions are governed by the standard set forth in Federal Rule of Civil Procedure 65. *See* Fed. R. Civ. P. 65; *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). A party seeking a preliminary injunction must establish all four of the following criteria: (1) that the party is likely to succeed on the merits of his claim; (2) that the party is likely to suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of the equities tips in the party's favor; and (4) that the injunction is in the public interest. *League of Women Voters of N. Carolina v. N. Carolina*, 769 F.3d 224, 236 (4th Cir. 2014) (citing *Winter*, 555 U.S. at 20). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24 (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). The traditional purpose of a preliminary injunction is "to protect the status quo and prevent irreparable harm during the pendency of a lawsuit." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (citing *Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013)). "A preliminary injunction shall be granted only if the moving party clearly establishes entitlement to the relief sought." *Id.* (citing *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir. 1981)). The party seeking the preliminary injunction bears the burden of proving, by a preponderance of the evidence, all four elements of the preliminary injunction determination. *Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 591 (E.D. Va. 2008); *Planned Parenthood S. Atl. v. Wilson*, 527 F. Supp. 3d 801, 807 (D.S.C. 2021). "A preponderance of the evidence is evidence which convinces the fact finder as to its truth." *Prysmian Cables & Sys. USA, LLC v. Szymanski*, 573 F. Supp. 3d 1021, 1035 (D.S.C. 2021); *Pascoe v. Wilson*, 788 S.E.2d 686, 693 (S.C. 2016).

## III. DISCUSSION

Plaintiff contends she has satisfied all four of the required elements for seeking a preliminary injunction. ECF No. 10 at 4. Defendants assert Plaintiff's requested relief would disrupt the status quo, rather than preserve it, and that Plaintiff has failed to demonstrate a "likelihood of success on the merits" or show "immediate and irreparable injury." ECF No. 11 at 1–2. The Fourth Circuit has noted that "irreparable harm to the plaintiff and the potential harm to the defendant are the two most important factors" to consider when deciding whether to grant a preliminary injunction. *Direx Israel v. Breakthrough Medical Corp.,* 952 F.2d 802, 812 (4th Cir.1991). "Indeed, without a clear showing of actual and imminent irreparable harm, the inquiry need proceed no farther." *Maye v. City of Kannapolis*, 872 F. Supp. 246, 247 (M.D.N.C. 1994) (citing *Direx Israel*, 952 F.2d at 812). Because Plaintiff has failed to show immediate and irreparable injury, the Court finds Plaintiff's request for injunctive relief should be denied at this time.

A preliminary injunction is an extraordinary and drastic remedy. *Winter*, 555 U.S. at 24 (citing *Munaf*, 553 U.S. at 689–90). To justify the exercise of this aggressive judicial power to restrain the behavior of a defendant, the moving party must make a clear showing that it is likely to be irreparably harmed if preliminary relief is denied. *Winter,* 555 U.S. at 20. "The harm to be prevented must be of an immediate nature and not simply a remote possibility." *Am. Whitewater v. Tidwell*, C/A No. 8:09-cv-02665-JMC, 2010 WL 5019879, at *11 (D.S.C. Dec. 2, 2010) (citing *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003)). When analyzing the irreparable harm element, the Court must make two inquiries: (1) whether the plaintiff is indeed suffering actual and imminent harm; and (2) whether that harm is truly irreparable, or whether it can be

4

remedied later with money damages.  *Sauer-Danfoss Co. v. Nianzhu Luo*, C/A No. 8:12-cv-3435-HMH, 2012 WL 6042831, at *1 (D.S.C. Dec. 5, 2012) (citation omitted).  "To demonstrate a need for injunctive relief, a plaintiff must show how the harm suffered is such that other forms of damages available in the normal course of litigation are not enough." *Prysmian Cables*, 573 F. Supp. 3d at 1035.  "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough," because of "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date." *Hughes Network Sys. v. InterDigital Comm'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994) (quoting *Sampson v. Murray*, 415 U.S. 61, 90, 94 (1974)).  This "weighs heavily against a claim of irreparable harm." *Id.* More specifically, "[a] preliminary injunction is not normally available where the harm at issue can be remedied by money damages." *Bethesda Softworks, LLC v. Interplay Entm't Corp.*, 452 F. App'x 351, 353 (4th Cir. 2011).

Plaintiff argues she has carried her burden to show irreparable harm.  Plaintiff contends her "termination inflicts continuing, compounding harm that cannot be undone by monetary damages alone."  ECF No. 10 at 13–14.  Specifically, Plaintiff asserts she suffers the following harms: (1) professional harm, as her termination record stigmatizes her in the local education community, hindering her ability to obtain future employment; (2) reputational injury; (3) emotional and psychological harm; and (4) chilling effects on her own and others' speech.  *Id.* at 13.

As to the first three alleged harms, the Court finds these harms—professional harm, reputational injury, and emotional and psychological harm—are not irreparable as they may be remedied by monetary and equitable relief at the conclusion of this litigation.

5

*See, e.g.*, *Sampson*, 415 U.S. 61, 90 (1974) ("[T]emporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury. . . . 'The key word in this consideration is irreparable. . . . The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.'" (quoting *Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958))); *Mountain Valley Pipeline, LLC v. W. Pocahontas Props. Ltd. P'ship*, 918 F.3d 353, 366 (4th Cir. 2019) ("[E]conomic damages may constitute irreparable harm where no remedy is available at the conclusion of litigation." (citations omitted)); *Columbia Gas Transmission, LLC v. 84.53 Acres of Land, More or Less, In Calhoun, Marshall, Ritchie, Tyler, & Wetzel Ctys., W. Virginia*, 310 F. Supp. 3d 685, 692 (N.D.W. Va. 2018) ("[I]t is beyond dispute that economic losses generally do not constitute irreparable harm, [based on] the assumption that economic losses are recoverable."); *Yanko v. Rector & Visitors of Univ. of Virginia*, No. 3:25-cv-00080, 2025 WL 2982617, at *6 (W.D. Va. Oct. 22, 2025) (finding the plaintiff's arguments that he would suffer "professional harm" because delays in return to work would impede his ability to pursue other employment opportunities to be too speculative to find a likelihood of irreparable harm); *Greer v. S.C. Wildlife & Marine Res. Dep't,*, 632 F. Supp. 903, 905–06 (D.S.C. 1986) (finding that the plaintiff's allegedly "irreparable" injuries of being unable to keep up with professional developments with his former employer and emotional problems arising from his compelled retirement were the "types of injuries that are common to all discharge cases" and could not "form a sufficient basis for preliminary injunctive relief in a governmental employee case" (citing *Sampson*, 415 U.S. at 89, 94)); *Rogers v. Comprehensive Rehab. Assocs., Inc.*, 808 F. Supp. 493, 498 (D.S.C. 1992)

6

("[T]his court finds that the plaintiff will not suffer irreparable injury in the absence of an injunction because her only apparent loss is an economic loss which normally, standing alone, cannot constitute irreparable harm." (citing *Sampson*, 415 U.S. at 89–90)). Plaintiff's professional and reputational injuries based on her job loss can be remedied by equitable relief, including backpay, reinstatement and potentially curing of her employment record, if she prevails at trial. Furthermore, emotional damages may be addressed by monetary damages at the conclusion of litigation.[1] Plaintiff, in both her Motion and in her Reply, does not make any specific arguments that the damages resulting from her loss of employment are within the narrow set of circumstances where injunctive relief is necessary. *See* ECF Nos. 10 at 13–14; 17 at 5. Instead, Plaintiff

---

[1] At the hearing, Plaintiff briefly cited to *Chalk v. United States District Court Central District of California*, 840 F.2d 701 (9th Cir. 1988), for the proposition that Plaintiff's emotional damages may constitute irreparable harm. *Chalk* is not controlling on this Court, and, even if it were, *Chalk* is readily distinguishable from this action. The plaintiff in *Chalk* was a certified classroom teacher, who, after his diagnosis with AIDS, was reassigned to an administrative position and barred from teaching in the classroom. *Id.* at 703. In considering whether the plaintiff's emotional and psychological injury could be adequately compensated for by a monetary award post-trial, the Ninth Circuit found the district court failed to consider plaintiff's immediate emotional injury as well as "the very nature of [the plaintiff's] affliction" because at the time the virus is fatal in all recorded cases and "[a] delay, even if only a few months, pending trial represents precious, productive time irretrievably lost to him." *Id.* at 710. The plaintiff in *Chalk* set out particularized reasons for his emotional distress, including the specialization of his training to work with hearing impaired children, the tremendous personal satisfaction and joy that his participation with these students brought to his lives, and his distaste for the administrative work he was assigned to after being removed from the classroom. *Id.* at 709. On the contrary, here Plaintiff has failed to set out with particularity the emotional harms she has suffered after her termination. ECF Nos. 1, 10. Plaintiff's claims of emotional and psychological distress are far too speculative to support a finding of irreparable harm sufficient to support the extraordinary relief she requests. Moreover, Plaintiff does not contend that she suffers from a terminal illness that would prevent her from teaching in the future, exacerbating her alleged emotional and psychological injuries caused by being removed from the classroom for a potentially limited period of time. *See id.*

focuses her arguments on irreparable harm on Defendants' alleged infringement on her constitutional rights. *See id.* The Court finds that, at this stage of litigation, Plaintiff has failed to carry her burden to show irreparable harm sufficient to support issuing a preliminary injunction based on professional harm, reputational injury, and emotional and psychological harm.

As to her claims of irreparable harm based on the alleged First Amendment violations by Defendants, Plaintiff relies on the Supreme Court's decision in *Elrod v. Burns*, 427 U.S. 347, 373 (1976), for the premise that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable [harm]." ECF No. 10 at 13. In *Elrod*, the plaintiffs—Republicans working as non-civil service sheriff's office employees—alleged that they were either discharged or threatened with discharge after a Democrat was elected to replace a Republican sheriff solely because they were not affiliated with or sponsored by the Democratic Party. 427 U.S. at 350–51. The plaintiffs filed suit, alleging that the defendant's course of conduct operated to deprive them of their rights as guaranteed under the First and Fourteenth Amendments to the Constitution and seeking injunctive and declaratory relief. *Id.* at 350. The district court denied plaintiff's request for a preliminary injunction because it found that the plaintiff had failed to make an adequate showing of irreparable injury. *Id.* The Seventh Circuit reversed and remanded with instructions to enter appropriate preliminary injunctive relief. *Id.* In analyzing whether the issuance of a preliminary injunction was properly directed by the appellate court, the Court explained that "[s]ince such injury was both threatened and occurring at the time of respondents' motion and since respondents sufficiently demonstrated a probability of success on the merits, the [appellate court]

8

might properly have held that the [d]istrict [c]ourt abused its discretion in denying preliminary injunctive relief." *Id.* at 374.

Since *Elrod*, courts around the country have continued to wrestle with when the loss of freedoms guaranteed by the Constitution constitutes irreparable injury in the context of a preliminary injunction. As recognized by other courts, "[i]n most instances, constitutional violations constitute irreparable harm." *Morehouse Enters., LLC v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 78 F.4th 1011, 1017 (8th Cir. 2023) (finding the appellant failed to "show that irreparable injury is *likely* in the absence of an injunction" and noting that the assertion of a possible constitutional violation does not release plaintiffs from their burden of showing that irreparable harm is more than just a "mere possibility" (emphasis added) (citation omitted)). But most does not mean all. When the allegedly infringing conduct was not ongoing, courts have been hesitant to find irreparable harm even in the context of the First Amendment. *See, e.g.*, *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 301 (D.C. Cir. 2006) ("[T]his court has construed *Elrod* to require movants to do more than merely allege a violation of freedom of expression in order to satisfy the irreparable injury prong of the preliminary injunction frame-work. Rather, moving parties must also establish they are or will be engaging in constitutionally protected behavior to demonstrate that the allegedly impermissible government action would chill allowable individual conduct."); *Moms for Liberty - Wilson Cnty. v. Wilson Cnty. Bd. of Educ.*, 155 F.4th 499, 513 (6th Cir. 2025) (noting that even in the context of the alleged loss of First Amendment freedoms, "[i]f the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit"); *Del. State Sportsmen's Ass'n v. Del. Dep't of Safety & Homeland*

9

*Sec.*, 108 F.4th 194, 203, 204 (3rd Cir. 2024), *cert. denied sub nom*, *Gray v. Jennings*, S. Ct. 1049 (2025) (explaining that "[c]onstitutional harm is not necessarily synonymous with the irreparable harm necessary for issuance of a preliminary injunction[,]" and, thus, a plaintiff "must show that, without a preliminary injunction, they will more likely than not suffer irreparable [harm] *while proceedings are pending*" (emphasis added) (citations omitted)); *New Yorkers for Religious Liberty, Inc. v. City of New York*, 125 F.4th 319, 328–29 (2d Cir. 2025),*cert. denied sub nom, Kane v. New York, NY*, No. 25-126, 2025 WL 3620461 (U.S. Dec. 15, 2025) (explaining that the appellants, who had already been terminated for failure to comply with the defendant's vaccine requirements, could not show the "specific present objective harm or a threat of specific future harm" required of them and that their reliance on the Supreme Court's decision in *Elrod* was inapt because although most of the *Elrod* plaintiffs had already been terminated, the *Elrod* Court *did not* find irreparable harm *as to the post-termination plaintiffs*; rather, it found irreparable harm only for "one of the respondents [who] was . . . threatened with discharge" and other "class respondents . . . threatened with discharge or [who] had agreed to provide support for the Democratic Party in order to avoid discharge"); *see also Direx Israel,* 952 F.2d 802, 812 (4th Cir. 1991) ("[T]he required 'irreparable harm' must be 'neither remote nor speculative, but actual and imminent.'").

Indeed, Plaintiff's contention that a finding of irreparable harm automatically flows from an allegation of constitutional violations based on *Elrod* fails to account for the Court's reliance on the threatened and ongoing nature of the alleged First Amendment violations in finding a preliminary injunction was appropriate.  427 U.S. at 374.  After reviewing these cases and the Supreme Court's decision in *Elrod*, the Court finds that the

10

alleged infringement on the individual's constitutional rights must be presently occurring or set to occur in the imminent future to constitute an irreparable harm.

Here, Plaintiff was terminated prior to bringing this action. *See* ECF No. 1. She is no longer the District's employee and is not currently subject to the District's policy she challenges. Accordingly, the alleged infringement of Plaintiff's First Amendment rights by Defendants is not ongoing nor is there an imminent and present threat that it will occur in the future. Instead, Plaintiff challenges Defendants' decision to terminate her from her job based on the allegedly offending policy. That is a single, discrete act that took place entirely in the past. Defendants are not currently chilling Plaintiff's speech as she is no longer employed by them. Therefore, Defendants no longer have any power over her or her speech. At present, Plaintiff can speak her mind without any fear of retribution from Defendants. Accordingly, Plaintiff has not established irreparable harm to the exercise of her constitutional rights will occur absent the Court's intervention.[2]

Plaintiff also asserts that Defendants' conduct chills others' speech and "perpetuates a chilling environment across the workforce." ECF No. 10 at 13. However, Plaintiff did not bring this action as a class action and no other parties have joined her in bringing this action. *See* ECF No. 1. Plaintiff, acting alone, does not have standing to challenge Defendants' conduct as it impacts third parties. *Smith v. Frye*, 488 F.3d 263, 272 (4th Cir. 2007) ("It is well settled that under Article III of the United States Constitution,

---

[2] Indeed, one court found under similar circumstances that if the court were to reinstate the plaintiff, then it "might actually be manufacturing irreparable harm instead of mitigating it" because if the plaintiff were to return to her former her employer with "the knowledge that [it] wants to fire her for the comments she made" then her "speech is very likely to be chilled." *Gray v. Mallory*, No. 4:25-cv-01057, 2025 WL 3252427, at *5 (E.D. Ark. Nov. 21, 2025).

11

a plaintiff must establish that a 'case or controversy' exists 'between himself and the defendant' and 'cannot rest his claim to relief on the legal rights or interests of third parties.'" (quoting *Warth v. Seldin,* 422 U.S. 490, 498–99 (1975)).  Accordingly, to the extent Plaintiff seeks injunctive relief on the behalf of third parties, her request is denied.

As discussed herein, Plaintiff has failed to establish she would suffer irreparable harm absent the Court's intervention, which is an essential element that must be shown to justify granting a preliminary injunction.  Accordingly, Plaintiff's Motion is denied for this reason alone without further analysis from the Court on any of the other factors.  As addressed above, "the failure of a movant to show irreparable harm is an independently sufficient basis upon which to deny a preliminary injunction."  *See Hotchkiss v. Cedar Rapids Cmty. Sch. Dist.*, 115 F.4th 889, 893 (8th Cir. 2024) (cleaned up and quotations omitted); *see also Maye*, 872 F. Supp. at 247 (citing *Direx Israel*, 952 F.2d at 812).  The Court need not, and does not, make any predictions today about which party is likely to ultimately prevail on the merits.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion (ECF No. 10) is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 13, 2025
Spartanburg, South Carolina